UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.   CASE NO: 3:19-cr-136-MMH-MCR

NICOLE JOHNSON   ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)

## **O R D E R**

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED after complete review of the motion on the merits.

☒ FACTORS CONSIDERED

Defendant Nicole Johnson is a 39-year-old inmate incarcerated at Aliceville FCI, serving a 24-month term of imprisonment for aiding and assisting the preparation and presentation of false tax returns. (Doc. 22, Judgment). According to the Bureau of Prisons (BOP), she is scheduled to be released from prison on October 8, 2021. Johnson seeks compassionate release because of the Covid-19 pandemic and because she is obese. (Doc. 33, Renewed

Motion for Compassionate Release). The United States has responded in opposition. (Doc. 36, Response). Although she was not granted leave to do so, Johnson filed a reply brief. (Doc. 37, Reply).

A movant under § 3582(c)(1)(A) must prove that a sentence reduction is warranted. United States v. Kannell, 834 F. App'x 566, 567 (11th Cir. 2021) (citing United States v. Green, 764 F.3d 1352, 1356 (11th Cir. 2014)). The statute provides:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment ... if it finds that extraordinary and compelling reasons warrant such a reduction … and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i). The Eleventh Circuit Court of Appeals instructs that the applicable policy statement, U.S.S.G. § 1B1.13, including its definition of "extraordinary and compelling reasons," governs all motions filed under 18 U.S.C. § 3582(c)(1)(A), even those filed after the First Step Act. United States v. Bryant, 996 F.3d 1243, 1247–48 (11th Cir. 2021). Notably, "[b]ecause the statute speaks permissively and says that the district court 'may' reduce a defendant's sentence after certain findings and considerations, the court's decision is a discretionary one." United States v. Harris, 989 F.3d 908, 911 (11th Cir. 2021). And, as the Third Circuit Court of Appeals has observed,

Covid-19 cannot independently justify compassionate release, "especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).

Johnson has not demonstrated extraordinary and compelling reasons for a reduction in sentence. 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13 & cmt. 1. Johnson alleges that she has a body mass index (BMI) of 37 and therefore qualifies as obese.[1] According to the Centers for Disease Control (CDC), obesity can increase the risk of severe illness from Covid-19.[2] However, obesity is not an extraordinary condition. According to the CDC, 42.4% of American adults were obese in 2017–2018.[3] Assuming federal prisoners experience obesity at about the same rate as the general population, nearly half the BOP population would be eligible for compassionate release if obesity qualified as an "extraordinary and compelling" circumstance. A condition experienced by nearly half the population is not "extraordinary and compelling." Indeed, other courts have concluded that obesity, even when combined with the Covid-19

---

[1]   Johnson alleges that people who are obese "are at increased risk" of developing a litany of other conditions, including high blood pressure, type 2 diabetes, coronary artery disease, and stroke. Id. at 1–2. However, Johnson does not allege, let alone provide any evidence, that she actually suffers from any of these conditions.

[2]   https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.

[3]   https://www.cdc.gov/obesity/data/adult.html

pandemic, is not a basis for a sentence reduction under § 3582(c)(1)(A). See, e.g., United States v. Berry, 845 F. App'x 915, 915–16 (11th Cir. 2021) (affirming district court's finding that defendant had not shown extraordinary and compelling reasons where she sought compassionate release based on Covid-19 and her underlying conditions, which included obesity); United States v. Rind, 837 F. App'x 740, 742, 744 (11th Cir. 2020) (affirming denial of compassionate release to 64-year-old defendant who suffered from obesity, among other conditions, based on a finding that his conditions were not sufficiently "acute").[4]

Moreover, Johnson is only 39 years old, there is no evidence she suffers from any conditions other than obesity, and there is no evidence her obesity impairs her ability to provide self-care in the prison environment. See U.S.S.G. § 1B1.13, cmt. 1(A)(ii). Each of these facts mitigates her risk of serious illness. The BOP also is implementing its Covid-19 vaccination program. Johnson was offered the Covid-19 vaccine on April 7, 2021, but she refused it. (Doc. 36-3,

---

[4] Johnson also raises her race as a risk factor for severe illness. Renewed Motion at 3. The CDC reports that members of racial minority groups are at increased risk of death or serious illness from Covid-19. The CDC attributes this to "[l]ong-standing systemic health and social inequities," https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html, such as diminished access to healthcare, and the fact that belonging to a racial minority is correlated with the development of more underlying health conditions at an earlier age, https://www.cdc.gov/coronavirus/2019-ncov/community/health-equity/race-ethnicity.html. However, Johnson does not suffer from a lack of access to healthcare. Indeed, the BOP medical records (Doc. 36-3) show that she has access to treatment and evaluations by a clinician. Additionally, as the Court previously noted, the records do not show that Johnson suffers from any conditions other than obesity.

Medical Records at 7–8). Nevertheless, 121 staff members and 809 of Aliceville FCI's 1,215 inmates, or about two-thirds of the inmate population, have been fully inoculated.[5] Even though Johnson refused the vaccine, her risk of contracting Covid-19 is substantially diminished due to the large fraction of her fellow inmates who have been vaccinated. According to the BOP's latest data, there are zero current cases of Covid-19, and there have been zero deaths, among the inmates and staff at her facility.[6]

Based on all the circumstances, Johnson has not established "extraordinary and compelling reasons" for a reduction in sentence.[7] Because the Court concludes that Johnson has not shown extraordinary and compelling circumstances, it need not address the sentencing factors under § 3553(a).

Accordingly, Defendant Nicole Johnson's Renewed Motion for Compassionate Release (Doc. 33) is **DENIED.**

**DONE AND ORDERED** at Jacksonville, Florida this 8th day of June 2021.

MARCIA MORALES HOWARD
United States District Judge

---

[5] https://www.bop.gov/coronavirus/. Last accessed June 4, 2021.

[6] Id.

[7] The Court would reach the same conclusion even if it were not bound by the applicable policy statement, U.S.S.G. § 1B1.13.

5

lc 19
C:
Parties and counsel of record